1  **MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN:  258538)**
2  **rwasserman@mayallaw.com**
**WILLIAM J. GORHAM (SBN:  151773)**
3  **wgorham@mayallaw.com**
**NICHOLAS J. SCARDIGLI (SBN:  249947)**
4  **nscardigli@mayallaw.com**
**VLADIMIR J. KOZINA (SBN:  284645)**
5  **vjkozina@mayallaw.com**
**2453 Grand Canal Boulevard**
6  **Stockton, California 95207-8253**
**Telephone:  (209) 477-3833**
7  **Facsimile:  (209) 473-4818**
8
9  **Attorneys for Plaintiff Jobany Rodriguez and the Putative Class**

10              **UNITED STATES DISTRICT COURT**

11              **EASTERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| **JOBANY RODRIGUEZ,** | **Case No.:** |
|      **Plaintiffs,** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **vs.** | **1.  FAILURE TO PAY OVERTIME** |
| **J-M MANUFACTURING CO., INC. dba JM EAGLE; and DOES 1-100, inclusive,** | **2.  FAILURE TO PAY MINIMUM WAGE**<br>**3.  FAILURE TO PROVIDE COMPLIANT MEAL BREAKS** |
|      **Defendants.** | **4.  FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**<br>**5.  UNLAWFUL BUSINESS PRACTICES** |

Plaintiff Jobany Rodriguez brings this class action against J-M Manufacturing Co., Inc. dba JM

Eagle and Does 1 through 100, for violations of the Fair Labor Standards Act, the California Labor

Code, and the Business and Professions Code.

## PARTIES

1.      Jobany Rodriguez ("Plaintiff") is and at all times relevant herein was employed in San

Joaquin County, California, and was an "employee" as defined by the Fair Labor Standards Act

("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage

Commission ("IWC") Order(s).

2.      J-M Manufacturing Co., Inc. dba JM Eagle ("Defendant" or "JM Eagle") is a Delaware corporation which does business in California and throughout the United States.

3.      At all times relevant herein, JM Eagle has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

4.      JM Eagle and Does 1-100 are collectively referred to as Defendants.

5.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

6.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).  This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in San Joaquin County, California and Plaintiff's place of employment with Defendants was within this District.  Plaintiff hereby demands a jury trial.

**GENERAL ALLEGATIONS**

8.     Plaintiff was hired by JM Eagle as a Loader in or about August 2017.

9.     Throughout his employment, Plaintiff was a non-exempt employee.  As such, he was entitled to be paid at least minimum wage for every hour he worked.

10.     Throughout his employment, however, Plaintiff and JM Eagle's other non-exempt employees were not paid for every hour they worked.

11.     JM Eagle employed, with regard to Plaintiff and its other non-exempt employees, an impermissible but uniform policy and practice of rounding its employees' time.

12.     JM Eagle's rounding policy is not neutral, either facially or as applied.

13.     JM Eagle's rounding policy favors JM Eagle and consistently results in underpayment to its non-exempt employees, including Plaintiff.

14.     For example, during the pay period of February 5, 2018, through February 18, 2018, every single time Plaintiff clocked in early, JM Eagle rounded his time up, and every single time Plaintiff clocked out late, JM Eagle rounded his time down.  This resulted in approximately 55 minutes of unpaid time.  See **Exhibit 1**. [1]

15.     Similarly, during the pay period of February 4, 2019, through February 15, 2019, every single time Plaintiff clocked in early, JM Eagle rounded his time up, and every single time Plaintiff clocked out late, JM Eagle rounded his time down.  This resulted in approximately 35 minutes of unpaid time.  See **Exhibit 2**.

16.     Additionally, and despite routinely and consistently working more than 8 hours per day and 40 hours per week, Plaintiff and JM Eagle's other non-exempt employees were also not paid for all of the overtime hours they worked because of JM Eagle's unlawful rounding policy.

17.     Throughout his employment, JM Eagle also failed to properly calculate and pay the overtime wages owed to Plaintiff and its other non-exempt employees.

---

[1] Exhibits 1 – 9 are incorporated by this reference as though fully set forth herein.  Some Exhibits have been reduced and/or redacted due to their size and content.

18.     Specifically, JM Eagle failed to include commissions, non-discretionary bonuses and other items of compensation (including shift premiums and differentials) when determining Plaintiff's and its other non-exempt employees' regular rate of pay for purposes of overtime.

19.     For example, during the pay period of August 7, 2017 through August 20, 2017, Plaintiff earned a "Shift Prem Reg" of $6.00. **Exhibit 3**.

20.     Pursuant to its uniform policy, practice and procedure, JM Eagle failed to include Plaintiff's shift premium when calculating his regular rate of pay and underpaid him for the overtime he worked. *Id*.

21.     Similarly, during the pay period of November 13, 2017 through November 26, 2017, Plaintiff earned a "Shift Prem Reg" of $7.20. **Exhibit 4**.

22.     Pursuant to its uniform policy, practice and procedure, JM Eagle failed to include Plaintiff's shift premium when calculating his regular rate of pay and underpaid him for the overtime he worked. *Id*.

23.     Plaintiff and JM Eagle's non-exempt California employees were entitled to sick pay.

24.     Any sick pay used appeared on their wage statements as "Sick Pay".

25.     JM Eagle failed to include commissions, non-discretionary bonuses and other items of compensation (including shift premiums and differentials) when determining Plaintiff's and its other non-exempt California employees' regular rate of pay for purposes of sick pay.

26.     During the pay period of November 13, 2017 through November 26, 2017, Plaintiff used 24 hours of sick pay. *Id*.

27.     Pursuant to its uniform policy, practice and procedure, JM Eagle failed to include Plaintiff's shift premium when calculating his regular rate of pay and underpaid him for the hours of sick pay he used. *Id*.

28.     Plaintiff and JM Eagle's non-exempt employees were eligible for and at times received non-discretionary safety bonuses.

29.     These non-discretionary safety bonuses appeared on their wage statements as "Safety Bonus".

30.     JM Eagle failed to include these non-discretionary safety bonuses when determining Plaintiff's and their other non-exempt employees' regular rate of pay for purposes of overtime.

31.     During the pay period of March 19, 2018 through April 1, 2018, Plaintiff a one of these non-discretionary safety bonuses.  **Exhibit 5**.

32.     Pursuant to its uniform policy, practice and procedure, JM Eagle failed to include Plaintiff's non-discretionary safety bonus when calculating his regular rate of pay and underpaid him for the overtime he worked during the period in which the non-discretionary safety bonus was earned.

33.     Plaintiff and JM Eagle's non-exempt employees were eligible for and at times received non-discretionary bonuses which appeared on their wage statements as "Incentive N-Month".

34.     JM Eagle failed to include these non-discretionary bonuses when determining Plaintiff's and their other non-exempt employees' regular rate of pay for purposes of overtime.

35.     During the pay period of April 30, 2018 through May 13, 2018, Plaintiff earned one of these non-discretionary "Incent N-Month" bonuses.  **Exhibit 6**.

36.     Pursuant to its uniform policy, practice and procedure, JM Eagle failed to include Plaintiff's non-discretionary "Incent N-Month" bonus, when calculating his regular rate of pay and underpaid him for the overtime he worked during the period in which the non-discretionary bonus was earned.

37.     During the pay period of September 17, 2018 through September 30, 2018. Plaintiff earned another non-discretionary "Incent N-Month" bonus.  **Exhibit 7**.

38.     Pursuant to its uniform policy, practice and procedure, JM Eagle failed to include Plaintiff's non-discretionary "Incent N-Month" bonus, when calculating his regular rate of pay and underpaid him for the overtime he worked during the period in which the non-discretionary bonus was earned.

39.     Plaintiff and JM Eagle's other non-exempt California employees were entitled to meal breaks in accordance with California law.

40.     However, Plaintiff and JM Eagle's other non-exempt California employees were not always authorized or permitted to take compliant meal breaks.

41.     Specifically, JM Eagle often required Plaintiff and its other non-exempt California employees to work through meal breaks due to understaffing and work demands.

42.     Further, on the occasions that Plaintiff and JM Eagle's other non-exempt California employees were able to take their meal breaks, they routinely occurred after more 5 hours of work, were short, or were interrupted.

43.     For example, Plaintiff was routinely not relieved of work for lunch until 12:00 p.m., i.e., 6 full hours after his regular start time of 6:00 a.m.

44.     Worse, Plaintiff and JM Eagle's other non-exempt California employees were required to initial a pre-printed "Time Worked Report" each day that inaccurately reported they had been relieved of work less than 5 hours after their regular start time. **Exhibit 8**.

45.     When Plaintiff and JM Eagle's other non-exempt California employees were not provided compliant meal breaks, JM Eagle did not pay premiums as required by California law.

46.     Because of the violations set forth above, the wage statements furnished by JM Eagle to their non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

> a.     The gross wages earned, in violation of section 226(a)(1);
> b.     The total hours worked by the employee in violation of section 226(a)(2);
> c.     The net wages earned, in violation of section 226(a)(5); and
> d.     All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

47.     Separately, and independent of JM Eagle's failure to properly calculate and pay its non-exempt California employees' overtime and sick pay, the wage statements it furnished to them violated Labor Code section 226(a)(9) because they incorrectly listed the rates said employees earned for overtime and double time. **Exhibits 1-7, 9**.

48.     JM Eagle was, at all times relevant herein, aware of the requirements of California Labor Code section 226.

49.     JM Eagle has, at all times relevant herein, furnished wage statements to each of its non-exempt California employees pursuant to an established set of policies, procedures and practices.

50.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, have suffered injury as a result of JM Eagle's knowing and intentional failure to comply with California Labor Code section 226(a).

51.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by JM Eagle.

52.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, have suffered injury as a result of JM Eagle's knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of California Labor Code section 226(a)(1).

53.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, who worked overtime, were unable to promptly and easily determine their total hours worked from the wage statements furnished by JM Eagle.

54.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, who worked overtime, have suffered injury as a result of JM Eagle's knowing and intentional failure to furnish wage statements accurately showing their total hours worked in violation of California Labor Code section 226(a)(2).

55.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, were unable to promptly and easily determine their net wages earned from the wage statements furnished by JM Eagle.

56.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, have suffered injury as a result of JM Eagle's knowing and intentional failure to furnish wage statements accurately showing the net wages earned by them in violation of California Labor Code section 226(a)(5).

57.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by JM Eagle.

58.     Plaintiff and JM Eagle's other non-exempt California employees, both current and former, have suffered injury as a result of JM Eagle's knowing and intentional failure to furnish wage statements accurately showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

59.     From at least four years prior to the filing of this action, JM Eagle has adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to employees for all hours worked, failing to pay for all overtime hours worked, failing to properly calculate and pay all overtime wages and sick pay due, and failing to provide compliant meal breaks.

## COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff seeks to maintain the first cause of action as an "opt-in" collective action pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Defendant were not paid all the overtime they are owed.  Plaintiff is a representative of those other current and former employees and are acting on behalf of their interests as well as their own in bringing this action.  These similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff seeks to maintain this action as a class action as to the First through Fifth Causes of Action.  Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure 382.  The putative classes which Plaintiff seeks to represent consist of the following:

> a.     All current and former non-exempt employees of JM Eagle who worked overtime during one or more pay periods between February 26, 2016 through the date of trial (the "Overtime Class");

b. All current and former non-exempt California employees of JM Eagle who worked overtime during one or more pay periods between February 26, 2015 through the date of trial (the "California Overtime Subclass");

c. All current and former non-exempt California employees of JM Eagle who worked between February 26, 2015 through the date of trial (the "California Non-Exempt Class"); and

d. All current and former non-exempt California employees of JM Eagle who received one or more wage statements between February 26, 2018 through the date of trial (the "California Wage Statement Class").

The Overtime Class, the California Overtime Subclass, the California Non-Exempt Class, and the California Wage Statement Class are collectively referred to as the Class.

62. The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 500 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

63. This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

64. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants' systematic: (a) failure to pay their non-exempt employees for all hours worked, (b) failure to pay their non-exempt employees for all overtime worked, (c) failure to properly calculate and pay overtime to their non-exempt employees, (d) failure to properly calculate and pay their non-exempt California employees for sick pay; (e) failure to authorize and permit meal breaks or to pay the premiums associated with the same; and (f) failure to provide accurate itemized wage statements.

65.     Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

      a.     Whether Defendants impermissibly round their employees' time;

      b.      Whether Defendants fail to pay their non-exempt employees for every hour worked;

      c.     Whether Defendants fail to pay all overtime wages owed to their non-exempt employees;

      d.     Whether Defendants fail to properly calculate and pay their non-exempt employees' overtime;

      e.     Whether Defendants fail to properly calculate and pay their non-exempt California employees' sick pay;

      f.     Whether Defendants failed to provide compliant meal breaks to their non-exempt California employees;

      g.     Whether Defendants failed to pay premiums to their non-exempt California employees as a result of non-compliant meal breaks;

      h.     Whether the wage statements Defendants furnished to their non-exempt California employees comply with Labor Code section 226, subdivisions (a)(1), (2), (5), and (9);

      i.     Whether the alleged violations constitute unfair business practices;

      j.     Whether the Class is entitled to injunctive relief; and

      k.     Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

66.     Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

67.     The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

68.     Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interest to prosecute the claims alleged herein in order to obtain the full compensation due themselves and the other class members.

69.     A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

70.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

71.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

/ / /

### FIRST CAUSE OF ACTION
**VIOLATION OF FAIR LABOR STANDARDS ACT AND
CALIFORNIA LABOR CODE §§ 510 & 1198
(Failure to Pay Overtime)
Against Defendants**

72.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

73.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

74.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

75.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

76.     During the relevant time period, Plaintiff and Defendants' other non-exempt employees regularly worked overtime.

77.     During the relevant time period, Defendants intentionally and willfully failed to pay all overtime wages due to Plaintiff and their non-exempt employees.

78.     Wherefore, Plaintiff and the other members of the Overtime Class and California Overtime Sub-class have been injured as set forth above and request relief as hereafter provided.

/ / /

/ / /

/ / /

### SECOND CAUSE OF ACTION
**VIOLATION OF**
**CALIFORNIA LABOR CODE § 1182 et seq.**
**(Failure to Pay Minimum Wage)**
**Against Defendants**

79.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

80.     California Labor Code section 1182.12 establishes the minimum wage for California employees from July 1, 2014, to present.

81.     Labor Code Section 1194 provides, in relevant part that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

82.     Labor Code section 1194.2 provides that "[i]n any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

83.     Labor Code section 1197 provides that the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage is unlawful.

84.     Labor Code section 1197.1 further provides that any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order shall be subject to restitution of wages and liquidated damages payable to the employee.

85.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

86.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and their non-exempt employees for every hour worked.

87.     Wherefore, Plaintiff and the other members of the California Non-Exempt Class have been injured as set forth above and request relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 226.7, 512 and IWC WAGE ORDERS**
**(Failure to Provide Compliant Meal Breaks)**
**Against Defendants**

88.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

89.     Labor Code § 226.7 requires employers to provide employees meal breaks as mandated by Order of the Industrial Welfare Commission.  It states:

   a.     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

   b.     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided

90.     Labor Code § 512(a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that employee a meal period of not less than 30 minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ a person for a work period of more than 10 hours per day without providing an employee with a second meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than twelve 12 hours, the meal period may be waived by mutual consent of both the employer and the employee, and if the first meal period was not waived.

91.     During the relevant time period, Plaintiff and the other members of the California Meal Break Class were not provided with compliant meal breaks, nor did they receive an additional hour of premium pay for each missed meal break.

92.     Wherefore, Plaintiff and the other members of the California Non-Exempt Class have been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against Defendants**

93.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

94.     Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

95.     An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate

penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable

attorney's fees.  Labor Code § 226(e)(1).

96.    An employee is deemed to suffer injury if the employer fails to provide a wage

statement or if the employer fails to provide accurate and complete information as required by any one

or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and

easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee

during the pay period or any of the other information required to be provided pursuant to Labor Code

section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the

name and address of the employer and iv) the name of the employee and the last four digits of his or

her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-

(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain

the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

97.    As set forth above, Defendants intentionally and willfully failed to furnish accurate

itemized wage statements which complied with Labor Code section 226.

98.    Wherefore, Plaintiffs, the other members of the California Wage Statement Class have

been injured as set forth above and request relief as hereafter provided.

### FIFTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.
### (Unfair Business Practices)
### Against Defendants

99.    Plaintiff hereby realleges and incorporates by reference each and every allegation set

forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

allegations of this cause of action.

100.    The statutory violations, as alleged above, are unfair business practices within the

meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and

include, but are not limited to failing to employees for all hours worked, failing to pay for all overtime

hours worked, failing to properly calculate and pay all overtime wages and sick pay due, and failing to

provide compliant meal breaks.

101.    Wherefore, Plaintiff and the other members of the California Non-Exempt Class and the California Overtime Class have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Fifth Causes of Action:**

1.    That this Court certify the Class;

2.    That this Court appoint Plaintiffs as the representatives of the Class;

3.    That this Court appoint Mayall Hurley, P.C. as Class Counsel;

4.    That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

5.    That this Court award injunctive relief, including that available under 29 U.S.C. § 217, Labor Code §§ 226(h) and 248.5(e), and Business and Professions Code § 17203;

6.    That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code §§ 203, 226, 226.7, 512 and 1194.2;

7.    That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226(e)(1), 226(h), 248.5(e), and 1194, as well as Code of Civil Procedure § 1021.5;

8.    That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9.    That this Court award such other and further relief as the court deems just and proper.

**DATED:** February 26, 2019                              **MAYALL HURLEY P.C.**


By_____
                                          ROBERT J. WASSERMAN
                                          WILLIAM J. GORHAM
                                          NICHOLAS J. SCARDIGLI
                                          VLADIMIR J. KOZINA
                                          Attorneys for Plaintiff and the Putative Class

# EXHIBIT 1

Jobanny Rodriguez
JM Eagle Case

97.8

78.2 Reg
19.3 OT
.3 DT

40 Reg
9.8 OT
.3 DT

No Out Time

38.2 Reg
9.5 OT

CO. FILE DEPT. CLOCK NUMBER
276070 ST17I1 FST 0000141900 1

**JM Eagle**

J-M MANUFACTURING CO., INC.
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

# Earnings Statement

Period Beginning: 02/05/2018
Period Ending: 02/18/2018
Pay Date: 02/23/2018



Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 6
CA: 6

JOBANY RODRIGUEZ

Social Security Number:

## Earnings

| | rate | hours | this period | | year to date |
|---|---|---|---|---|---|
| Regular | 14.5000 | 78.20 | 1,133.90 | | |
| Overtime DT | 14.5000 | .30 | 8.70 | | 22.70 |
| Overtime | 14.5000 | 19.30 | 419.78 | | 1,746.98 |
| Shift Prem Reg | | | 11.65 | | 42.97 |
| Holiday | | | | | 224.00 |
| Sick Pay | | | | | 336.00 |
| **Gross Pay** | | | **$1,574.03** | | 6,587.95 |

97.8

Your federal taxable wages this period are $1,471.58

## Other Benefits and Information

| | this period | total to date |
|---|---|---|
| Sick Leave Avl | | 0.00 |

## Deductions

### Statutory

| | | year to date |
|---|---|---|
| Federal Income Tax | -37.28 | 194.65 |
| Social Security Tax | -94.17 | 394.76 |
| Medicare Tax | -22.02 | 92.32 |
| CA State Income Tax | -11.43 | 64.47 |
| CA SUI/SDI Tax | -15.19 | 63.67 |

### Other

| | | |
|---|---|---|
| Child Support-1 | -225.69 | 902.76 |
| Dental Contr. | -2.93* | 11.72 |
| Medical Contr. | -49.84* | 199.36 |
| Supplmntl Liex3 | -4.62 | 18.03 |
| Vision Plan | -2.46* | 9.84 |
| 401K-Basic | -47.22* | 197.64 |
| **Net Pay** | **$1,061.16** | |
| **Net Check** | **$1,061.16** | |

\* Excluded from federal taxable wages

# EXHIBIT 2



Johany -

these hours match hours paid. Please Let me know if you have questions.

Tracy



CO.  2010  DIV    NUMBER  277
V2L   270010  ST1711  PST    0000149064      1



**JM Eagle**

J-M MANUFACTURING   CO., INC.
DBA  JM EAGLE
5200  WEST  CENTURY  BLVD
LOS  ANGELES,  CA  90045

# Earnings  Statement

| | |
|---|---|
| Period  Beginning: | 02/04/2019 |
| Period  Ending: | 02/17/2019 |
| Pay  Date: | 02/22/2019 |

Taxable  Marital  Status:    Single
Exemptions/Allowances:
Federal:        1
CA:        1

**JOBANY  RODRIGUEZ**

Social  Security  Number: ▮▮▮▮▮▮▮

| Earnings | rate | hours | this  period | year  to  date |
|---|---|---|---|---|
| Regular | 15.0500 | 78.70 | 1,184.44 | 882.68 |
| Overtime | 15.0500 | 7.40 | 167.06 | |
| Sick Pay | 15.0500 | 8.00 | 120.40 | 361.20 |
| Holiday | | | | 361.20 |
| Shift Prem Reg | | | | 7.16 |
| **Gross Pay** | | | **$1,471.90** | 5,707.35 |

Your  federal  taxable  wages  this  period  are
$1,358.28

**Other  Benefits  and  Information**

| | this  period | total  to  date |
|---|---|---|
| Sick Leave Avl | | 0.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -118.60 | 187.55 |
| | Social Security Tax | -87.86 | 340.28 |
| | Medicare Tax | -20.55 | 79.58 |
| | CA State Income Tax | -26.56 | 43.74 |
| | CA SUI/SDI Tax | -14.17 | 54.88 |
| | **Other** | | |
| | Accident Plan | -4.46 | 13.38 |
| | Child Support-1 | -225.69 | 902.76 |
| | Dental Contr. | -3.02* | 12.08 |
| | Medical Contr. | -51.72* | 206.88 |
| | Safety Expense | -55.61 | 111.22 |
| | Supplmntl Liex3 | -4.77 | 19.08 |
| | 401K-Basic | -58.88* | 228.31 |
| | **Net Pay** | **$800.01** | |
| | **Net Check** | **$800.01** | |

\* Excluded  from  federal  taxable  wages

© 2000 ADP, LLC



**JM Eagle**

J-M  MANUFACTURING  CO.,  INC.
DBA  JM  EAGLE
5200  WEST  CENTURY  BLVD
LOS  ANGELES,  CA  90045

V2L                                55-2/212
Payroll  check  number:  0000149064
Pay  date:                02/22/2019

Pay  to  the
order  of:        **JOBANY  RODRIGUEZ**

This  amount:     **EIGHT  HUNDRED  AND  01/100  DOLLARS**                                **$800.01**

VOID  NON−NEGOTIABLE    VOID   NON−NEGOTIABLE

THIS IS NOT A CHECK



**WACHOVIA**
NEW JERSEY

# EXHIBIT 3





**JM Eagle**

| | | | | |
|---|---|---|---|---|
| CO. | FILE | DEPT. | CLOCK NUMBER | |
| V2L | 270010 | ST1711 PST | 0000137570 | 1 |

## Earnings Statement

J-M MANUFACTURING CO., INC.
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

Period Beginning: 08/07/2017
Period Ending: 08/20/2017
Pay Date: 08/25/2017

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 6
CA: 6

JOBANY RODRIGUEZ

Social Security Number: ▮▮▮▮

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.5000 | 80.00 | 1,080.00 | |
| Overtime | 13.5000 | 20.00 | 405.00 | 405.00 |
| Shift Prem Reg | | | 6.00 | 6.00 |
| **Gross Pay** | | | **$1,491.00** | 1,491.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -52.26 | 52.26 |
| | Social Security Tax | -92.44 | 92.44 |
| | Medicare Tax | -21.62 | 21.62 |
| | CA State Income Tax | -14.88 | 14.88 |
| | CA SUI/SDI Tax | -13.42 | 13.42 |
| | **Net Pay** | | **$1,296.38** |
| | **Net Check** | | **$1,296.38** |

Your federal taxable wages this period are
$1,491.00

1 2000 ADP, LLC



**JM Eagle**

J-M MANUFACTURING CO., INC.
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

V2L                                    55-2/212
**Payroll check number: 0000137570**
Pay date:                    08/25/2017

Pay to the
order of:     **JOBANY RODRIGUEZ**

This amount:   ONE THOUSAND TWO HUNDRED NINETY SIX AND 38/100 DOLLARS          $1296.38



VOID NON-NEGOTIABLE     VOID  NON-NEGOTIABLE



WACHOVIA
NEW JERSEY

# EXHIBIT 4





CO. FILE DEPT. CLOCK NUMBER
V2L 270010 ST1711 PST 0000139974 1

## Earnings Statement

J-M MANUFACTURING CO., INC.
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

| | |
|---|---|
| Period Beginning: | 11/13/2017 |
| Period Ending: | 11/26/2017 |
| Pay Date: | 12/01/2017 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 6
CA: 6

**JOBANY RODRIGUEZ**

Social Security Number: ████████

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.5000 | 55.30 | 746.55 | |
| Holiday | 13.5000 | 16.00 | 216.00 | 216.00 |
| Overtime | 13.5000 | 22.00 | 445.50 | 3,383.79 |
| Shift Prem Reg | | | 7.20 | 36.41 |
| Sick Pay | 13.5000 | 24.00 | 324.00 | 324.00 |
| **Gross Pay** | | | **$1,739.25** | 11,520.20 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Sick Leave Avl | | -24.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -84.56 | 413.30 |
| | Social Security Tax | -105.79 | 712.21 |
| | Medicare Tax | -24.75 | 166.57 |
| | CA State Income Tax | -29.09 | 125.05 |
| | CA SUI/SDI Tax | -15.36 | 103.39 |
| | **Other** | | |
| | Child Support-1 | -225.69 | 1,128.45 |
| | Medical Contr. | -32.92* | 32.92 |
| | **Net Pay** | **$1,221.09** | |
| | **Net Check** | **$1,221.09** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,706.33

© 2000 ADP, LLC



J-M MANUFACTURING CO., INC.
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

V2L 55-2/212

| | |
|---|---|
| Payroll check number: | 0000139974 |
| Pay date: | 12/01/2017 |

Pay to the order of: **JOBANY RODRIGUEZ**

This amount: ONE THOUSAND TWO HUNDRED TWENTY ONE AND 09/100 DOLLARS

$1221.09



VOID NON-NEGOTIABLE VOID NON-NEGOTIABLE


WACHOVIA
NEW JERSEY

# EXHIBIT 5





**Earnings Statement**

CO. V2L  FILE 270010  DEPT ST1711  CLOCK NUMBER PST  0000142884  2

**J-M MANUFACTURING CO., INC.**
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

Period Beginning: 03/19/2018
Period Ending: 04/01/2018
Pay Date: 04/06/2018

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 6
  CA: 6

**JOBANY RODRIGUEZ**

Social Security Number: ▮

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Safety Bonus | | | 350.00 | 350.00 |
| Holiday | | | | 456.00 |
| Overtime | | | | 22.70 |
| Overtime | | | | 3,254.26 |
| Shift Prem Reg | | | | 59.48 |
| Sick Pay | | | | 336.00 |
| **Gross Pay** | | | **$350.00** | 11,912.74 |

Your federal taxable wages this period are $339.50

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Sick Leave Avl | | 0.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -74.69 | 413.42 |
| | Social Security Tax | -21.70 | 714.62 |
| | Medicare Tax | -5.08 | 167.13 |
| | CA State Income Tax | -22.41 | 137.87 |
| | CA SUI/SDI Tax | -3.50 | 115.26 |
| | **Other** | | |
| | 401K-Basic | -10.50* | 357.39 |
| | Child Support-1 | | 1,579.83 |
| | Dental Contr. | | 20.51 |
| | Medical Contr. | | 348.88 |
| | Supplmntl Liex3 | | 31.89 |
| | Vision Plan | | 17.22 |
| | **Net Pay** | | **$212.12** |
| | **Net Check** | | **$212.12** |

\* Excluded from federal taxable wages

© 2000 ADP, LLC



**J-M MANUFACTURING CO., INC.**
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

V2L  55-2/212
**Payroll check number: 0000142884**
Pay date: 04/06/2018

Pay to the order of: **JOBANY RODRIGUEZ**

This amount: **TWO HUNDRED TWELVE AND 12/100 DOLLARS**    $212.12

VOID NON-NEGOTIABLE    VOID NON-NEGOTIABLE





# EXHIBIT 6





CO. FILE DEPT. CLOCK NUMBER
V2L 270010 ST171T PST 0000143957 2 72

### Earnings Statement

J-M MANUFACTURING CO., INC.
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

| | | |
|---|---|---|
| Period Beginning: | 04/30/2018 |
| Period Ending: | 05/13/2018 |
| Pay Date: | 05/18/2018 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 6
CA: 6

**JOBANY RODRIGUEZ**

Social Security Number: ████████

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Incent N-Month | | | 126.18 | 126.18 |
| Holiday | | | | 456.00 |
| Overtime | | | | 31.40 |
| Overtime | | | | 4,663.67 |
| Safety Bonus | | | | 350.00 |
| Shift Prem Reg | | | | 69.50 |
| Sick Pay | | | | 336.00 |
| **Gross Pay** | | | **$126.18** | 16,915.15 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -26.93 | 574.16 |
| | Social Security Tax | -7.83 | 1,014.50 |
| | Medicare Tax | -1.83 | 237.26 |
| | CA State Income Tax | -8.08 | 192.36 |
| | CA SUI/SDI Tax | -1.26 | 163.63 |
| | **Other** | | |
| | 401K-Basic | -3.79* | 507.46 |
| | Child Support-1 | | 2,256.90 |
| | Dental Contr. | | 29.30 |
| | Medical Contr. | | 498.40 |
| | Supplmntl Liex3 | | 45.75 |
| | Vision Plan | | 24.60 |
| | **Net Pay** | | **$76.46** |
| | **Net Check** | | **$76.46** |

\* Excluded from federal taxable wages
Your federal taxable wages this period are $122.39

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Sick Leave Avl | | 0.00 |

© 2000 ADP, LLC

---



J-M MANUFACTURING CO., INC.
DBA JM EAGLE
5200 WEST CENTURY BLVD
LOS ANGELES, CA 90045

V2L                    55-2/212

**Payroll check number: 0000143957**
Pay date: 05/18/2018

Pay to the
order of:     **JOBANY RODRIGUEZ**

This amount:   **SEVENTY SIX AND 46/100 DOLLARS**                    $76.46



VOID NON-NEGOTIABLE    VOID NON-NEGOTIABLE


**WACHOVIA** NEW JERSEY

# EXHIBIT 7





| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|-----|------|-------|-------|-----------|---|
| V2L | 270010 | ST1711 | PST | 0000146686 | 2 |

# Earnings Statement

J-M MANUFACTURING  CO., INC.
DBA  JM  EAGLE
5200  WEST  CENTURY  BLVD
LOS  ANGELES,  CA 90045

Period Beginning: 09/17/2018
Period Ending: 09/30/2018
Pay Date: 10/05/2018

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 6
CA: 6

**JOBANY  RODRIGUEZ**

Social Security Number: ███████

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Incent N-Month | | | 155.91 | 282.09 |
| Holiday | | | | 804.00 |
| Ot Unsch-1.5 | | | | 545.19 |
| Overtime | | | | 51.70 |
| Overtime | | | | 8,063.53 |
| Safety Bonus | | | | 350.00 |
| Shift Prem Reg | | | | 91.70 |
| Sick Pay | | | | 336.00 |
| Vacation Pay | | | | 464.00 |
| **Gross Pay** | | | **$155.91** | 32,325.56 |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -32.93 | 930.40 |
| | Social Security Tax | -9.67 | 1,935.70 |
| | Medicare Tax | -2.26 | 452.70 |
| | CA State Income Tax | -9.88 | 295.93 |
| | CA SUI/SDI Tax | -1.56 | 312.21 |
| | **Other** | | |
| | 401K-Basic | -6.24* | 1,083.38 |
| | Child Support-1 | | 4,513.80 |
| | Dental Contr. | | 58.60 |
| | Medical Contr. | | 996.80 |
| | Supplmntl Liex3 | | 92.10 |
| | Vision Plan | | 49.20 |
| | **Net Pay** | | **$93.37** |

| Net Check | $93.37 |
|-----------|--------|

\* Excluded from federal taxable wages
 Your federal taxable wages this period are $149.67

**Other Benefits and Information**

| | this period | total to date |
|---|-------------|---------------|
| Sick Leave Avl | | 0.00 |

© 2000 ADP, LLC

---



J-M MANUFACTURING  CO., INC.
DBA  JM  EAGLE
5200  WEST  CENTURY  BLVD
LOS  ANGELES, CA 90045

V2L                                                   55-2/212
Payroll check number: 0000146686
Pay date: 10/05/2018

Pay to the order of: **JOBANY  RODRIGUEZ**

This amount: NINETY THREE AND 37/100 DOLLARS                $93.37

VOID NON-NEGOTIABLE   VOID  NON-NEGOTIABLE

**WACHOVIA** NEW JERSEY

# EXHIBIT 8

Johnny Rodriguez
JM Eagle case

# Time Worked Report

Crew: __SHIPPING__   Shift: __DAYS__   Date: __1/22/19__

**Meal periods must be recorded.**

By initialing I understand that if I work a shift of more than 5 hours in a day, I am entitled to a meal period of 30 minutes, unless my supervisor approves a longer meal period. I am also entitled to a rest period of 10 minutes for each 4 hours of work or major fraction thereof. If I work a 12hr shift I am entitled to an additional 30min meal period and a 10-minute rest period. I have received all the meal and rest periods that I was legally entitled to on each workday during the covered period, and I am making this declaration freely and voluntarily.

When the employee does not work more than twelve (12) hours in a workday, JM Eagle and the employee may mutually agree to waive the second meal period, provide the first meal was taken.

## Name & Employee ID#:

| Name & Employee ID# | Absent | Scheduled Hours | Meal Period #1 (30 min.) | | Over Time | | Employee Initials |
|---|---|---|---|---|---|---|---|
| | | | Time In | Time Out | Over Time | Why | |
| Ernesto Aceves Meza  270701 | | 6:00 till 2:30 | 10:00am | 10:30am | | | |
| Francisco Albarran  270700 | | 6:00 till 2:30 | 10:00am | 10:30am | | | FA |
| Virgil Freas  270196 | | 6:00 till 2:30 | 10:00am | 10:30am | | | |
| Alberto Gadier  106186 | | 6:00 till 2:30 | 10:00am | 10:30am | | | VAF-JR |
| Larry Garcia  270759 | | 6:00 till 2:30 | 10:00am | 10:30am | | | LG |
| John Loyd  270027 | | 6:00 till 2:30 | 10:00am | 10:30am | | | |
| Gregory Mitchell  257184 | | 6:00 till 2:30 | 10:00am | 10:30am | | | |
| Martin Morlaes  252025 | | 6:00 till 3:30 | 10:00am | 10:30am | 1hr | Del. | |
| Jobany Rodriguez  270010 | | 6:00 till 3:30 | 10:00am | 10:30am | 1hr | Loading | |
| | | | | | | | |
| | | | | | | | |

**This form must be turned in with production paperwork each day.**

Plant Manager's Signature:

Supervisor's Signature:

# EXHIBIT 9



## Earnings Statement



J-M MANUFACTURING  CO., INC.
DBA  JM EAGLE
5200  WEST  CENTURY  BLVD
LOS  ANGELES,  CA  90045

Period Beginning: 08/20/2018
Period Ending: 09/02/2018
Pay Date: 09/07/2018

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 6
CA: 6

**JOBANY  RODRIGUEZ**

Social Security Number: ▮▮▮

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 14.5000 | 80.00 | 1,160.00 | |
| Ot Unsch-1.5 | 14.5000 | 3.50 | 76.13 | 387.16 |
| Overtime | 14.5000 | .70 | 20.30 | 51.70 |
| Overtime | 14.5000 | 22.90 | 498.08 | 7,321.56 |
| Shift Prem Reg | | | 2.57 | 91.70 |
| Holiday | | | | 688.00 |
| Incent N-Month | | | | 126.18 |
| Safety Bonus | | | | 350.00 |
| Sick Pay | | | | 336.00 |
| Vacation Pay | | | | 464.00 |
| **Gross Pay** | | | **$1,757.08** | 28,907.15 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -56.48 | 811.45 |
| | Social Security Tax | -105.52 | 1,730.61 |
| | Medicare Tax | -24.68 | 404.74 |
| | CA State Income Tax | -22.01 | 257.99 |
| | CA SUI/SDI Tax | -17.02 | 279.13 |
| | **Other** | | |
| | Child Support-1 | -225.69 | 4,062.42 |
| | Dental Contr. | -2.93* | 52.74 |
| | Medical Contr. | -49.84* | 897.12 |
| | Supplmntl Liex3 | -4.62 | 82.71 |
| | Vision Plan | -2.46* | 44.28 |
| | 401K-Basic | -70.28* | 946.64 |
| | **Net Pay** | | **$1,175.55** |

| Net Check | $1,175.55 |
|---|---|

\* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,631.57

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| Sick Leave Avl | | 0.00 |

© 2000 ADP, LLC

---



J-M MANUFACTURING  CO., INC.
DBA  JM EAGLE
5200  WEST  CENTURY  BLVD
LOS  ANGELES,  CA  90045

V2L    55-2/212
Payroll check number: 0000146166
Pay date: 09/07/2018

Pay to the
order of:    **JOBANY  RODRIGUEZ**

This amount:    ONE  THOUSAND  ONE  HUNDRED  SEVENTY  FIVE  AND  55/100  DOLLARS    $1175.55



VOID  NON-NEGOTIABLE    VOID  NON-NEGOTIABLE

